# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAYNA SAWYER, et al.,                :
                                     :
                                     :
    v.                               :    Civil No. CCB-16-118
                                     :
                                     :
UNION CARBIDE CORPORATION, et al.    :
                                     :

## MEMORANDUM

The estate of Joseph Morris, his surviving spouse, and his surviving children sued Foster Wheeler, LLC ("Foster Wheeler") in the Circuit Court for Baltimore City. Morris died from mesothelioma, and the plaintiffs claim under various state law theories that the defendants were responsible for exposing him to the asbestos that caused his disease. Foster Wheeler removed Morris's action to this court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). This court initially remanded the case to state court. On appeal, the Fourth Circuit reversed that order, and remanded the case to this court for further proceedings. Now pending again is the plaintiffs' renewed motion to remand the case to state court. The issues have been fully briefed, and no hearing is necessary. See Local R. 105.6 (D. Md. 2016). For the reasons stated below, the court will deny the plaintiffs' motion to remand.

## BACKGROUND

The plaintiffs claim that Morris was diagnosed with asbestos-related mesothelioma on December 1, 2014, and died as a result of this disease on March 1, 2015. (Compl. 12-13, ECF No. 2.) Allegedly he was exposed to asbestos at Bethlehem Steel Sparrows Point Shipyard (the

1

"shipyard"), where he worked as a "riveter heater and boiler maker in the 'boiler shop'" from 1948 through the 1970s. (Compl. 12; Pls.' Mot. Remand 3, ECF No. 138-1.) The plaintiffs filed their complaint in the Circuit Court for Baltimore City on June 5, 2015, alleging theories of strict liability, breach of warranty, negligence, fraud, conspiracy, market share liability, loss of consortium, and wrongful death. (Compl. 10.) Foster Wheeler filed its notice of removal on January 11, 2016. Foster Wheeler claims it "manufactured marine boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy." (Notice of Removal ¶ 6, ECF No. 1.) The defendant's basis for removal is that Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1) in the manufacture and sale of boilers for the Navy.

The plaintiffs moved to remand to state court on February 9, 2016, and this court granted that motion on the grounds that Foster Wheeler had not established a colorable federal defense, nor a causal nexus between the plaintiffs' claims and actions taken by Foster Wheeler under color of federal law. The plaintiffs appealed, and the Fourth Circuit reversed. *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 259 (4th Cir. 2017). The Fourth Circuit remanded the case for further consideration regarding the timeliness of removal. *Id.*

## ANALYSIS

To remove a case, the defendant ordinarily must file a notice of removal in the district court within 30 days after receiving the initial pleading. 28 U.S.C. § 1446(b)(1). Where, as here, the complaint does not provide sufficient details of the plaintiffs' claims to demonstrate that the claims are removable, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable." 28 U.S.C. § 1446(b)(3). The "other paper" requirement "is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (internal quotation marks omitted). The grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper." *Citrano v. John-Crane-Houdaille, Inc.,* 1 F.Supp.3d 459, 465 (D.Md. 2014) (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (1997)). The court is not required "to inquire into the subjective knowledge of the defendant." *Id*; *see also Houser v. Ammco Tools, a/k/a Hennessy Industries, Inc.*, 2013 WL 3364377, *3-*4 (D.Md. July 2, 2013) (holding identification "of the exact U.S. Navy ships on which the plaintiff was allegedly exposed to the defendant's asbestos products gave the defendants adequate notice to trigger the thirty-day removal limitation"); *Covington v. Owens Illinois Glass Co.*, 2012 WL 4764883, *2 (D.Md. Oct. 5, 2012) (stating "[Defendant] does not bear the burden of conducting outside research in order to ascertain whether the Complaint is removable."); *Bing v. Alltite Gaskets*, 2012 WL 4764774, *2 (D.Md. Oct. 5, 2012); *Hurley v. Alltite Gaskets,* 2012 WL 4764901, *2 (D.Md. Oct. 5, 2012).[1]

The unreported *Covington*, *Bing*, *Hurley,* and *Houser* decisions are particularly instructive to this case. Those cases also involved asbestos exposure during shipyard work. In each case, removal was proper only once "the triangular nexus between Decedent, [the defendant], and the U.S. Navy Vessel allegedly a part of the asbestos exposure" was identified through identification of the specific Navy ships upon which the decedent allegedly worked and was exposed to the defendant's product.

---

[1] Unpublished opinions are cited not as precedent, but for the soundness of their reasoning.

Foster Wheeler argues that its January 11, 2016, notice of removal was timely because it was filed within 30 days of David Williams's deposition on December 11, 2015. (Notice of Removal ¶¶ 2-3.) In his deposition, Williams said he worked in the boiler shop of the shipyard, and Morris was "[t]he helper most of the time" when Williams worked there. (Williams Dep. 11, 13, Notice of Removal Ex. B, ECF No. 1-1.) Foster Wheeler claims it was first ascertainable that the case was removable when Williams responded to the question, "Do you know the names of any of the ships that you were building boilers for?" (Williams Dep. 68.) Williams testified, "No. When I went there, I knew Vietnam War and we were building Navy ships for that, but as far as the names and things like that, no." (*Id.*)

The plaintiffs claim that Foster Wheeler was aware of the information contained in Williams's testimony no later than November 30, 2015, when the plaintiffs filed interrogatories and document requests directed to Foster Wheeler, which provided Foster Wheeler with a list of ships constructed at the shipyard from 1948 through 1979. (Interrog. No. 11, Mot. Remand Ex. 9, ECF No. 138-12.) Some of those ships were designated as "USS," or "United States Ship," in the interrogatory, and the plaintiffs asked Foster Wheeler to provide all documents and information relating to the construction of boilers for use on these ships. (*Id.*) The plaintiffs had previously provided an answer to an interrogatory indicating that Morris was exposed to asbestos from Foster Wheeler boilers in his work as a boilermaker at the shipyard from 1948 through the 1970s. (Pls.' Suppl. Answers to Interrogs. 4, Mot. Remand Ex. 8, ECF No. 138-11.) Together, these two pieces of information alerted Foster Wheeler that some Navy ships were built at the shipyard during the time period that Morris was allegedly exposed to asbestos while constructing Foster Wheeler boilers.

As noted above, the Fourth Circuit has cautioned against inquiring into defendant's subjective knowledge. Whether Morris actually worked on any of the Naval ships mentioned in the list of ships constructed from 1948 to 1979 is not apparent from within the four corners of the combined discovery materials provided by plaintiffs. The *Covington*, *Bing, Hurley*, and *Houser* cases each required identification of the specific ship(s) connected with asbestos exposure. A list of ships constructed in the shipyard while Morris was employed there, only some of which were Naval, falls short of this standard of specificity. Therefore, Williams's testimony is the first "paper" that establishes within its four corners the "triangular nexus" between Morris, Foster Wheeler, and work undertaken for the U.S. Navy. Even though the testimony does not identify the specific U.S. Naval ships involved, Williams did clearly state that he worked with Morris while constructing U.S. Navy ships for the Vietnam War.

The plaintiffs also claim that their designation of Foster Wheeler corporate designee Mr. Christenson on their witness list of September 8, 2015, triggered the removal clock. They claim the Fourth Circuit relied on U.S. Naval contracts that were referred to in Christenson's deposition, and not in Williams's deposition. This claim is based on the Fourth Circuit's statement, "the record shows that during Morris' tenure as an employee at Sparrows Point Shipyard, Foster Wheeler manufactured boilers under contracts with the U.S. Navy for use on its vessels." *Sawyer v. Foster Wheeler LLC,* 860 F.3d at 255.

Yet, the Fourth Circuit's statement is merely a summation of the same facts discussed above: that U.S. Navy ships were constructed in the shipyard while Morris was allegedly exposed to asbestos through his work there. The Fourth Circuit's statement does not demonstrate that Christenson's deposition identified the clear nexus within its four corners as

needed to trigger the removal clock. Merely listing Christenson and expecting defendants to obtain and review the 1994 transcript, which in any event contained no reference to Morris, is again attempting to place an investigative burden on the defendant not warranted under case law.

The required nexus was first identified by Williams's testimony on December 11, 2015. Removal on January 11, 2016, was within 30 days of that testimony and is timely. The plaintiffs' motion to remand will be denied.

A separate order follows.

<u>January 10, 2018</u>  /S/
Date  Catherine C. Blake
United States District Judge